IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-01659-EWN-BNB

ANTHONY SMITH,

Plaintiff,

v.

R. WORSHAM, in his individual capacity,
G.L. CLARK, in his individual capacity,
UNITED STATES OF AMERICA, pursuant to FTCA,
M. ADAMS, in his individual capacity,
S. COLLINS, in her individual capacity,
L. TUCKER, in her individual capacity,
D. TATERA, in his individual capacity,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant Freeman's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** (the "Motion"), filed January 12, 2005. I respectfully RECOMMEND that the Motion be DENIED.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se* plaintiff.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King,

537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff filed his initial Prisoner Complaint (the "Initial Complaint") on August 29, 2002. He filed an Amended Prisoner Complaint (the "Amended Complaint") on August 9, 2004. The Amended Complaint asserts one claim--Claim Three--against defendant Freeman. Claim Three alleges that defendant Freeman retaliated against the plaintiff for exercising his First Amendment right to file administrative grievances.[1]

## III.  ANALYSIS

The plaintiff brings his claim against defendant Freeman pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Defendant Freeman asserts that the claim must be dismissed because he is entitled to qualified immunity and because the plaintiff has not exhausted his administrative remedies.

### A.  Failure to Exhaust Administrative Remedies

Defendant Freeman asserts that Claim Three must be dismissed because the plaintiff has not exhausted his administrative remedies as to this claim. Because the plaintiff's claim challenges prison conditions, it is governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

---

[1] To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

Id.

The plaintiff filed his Initial Complaint on August 29, 2002. The plaintiff was permitted to amend his Initial Complaint as a matter of right on August 9, 2004. Claim Three was asserted for the first time in the Amended Complaint.

The defendant admits that, at the time the Amended Complaint was filed, the plaintiff had exhausted his administrative remedies as to Claim Three. *Motion*, p. 10. The defendant argues, however, that Claim Three must be dismissed because the plaintiff did not exhaust his administrative remedies as to Claim Three *at the time he filed his Initial Complaint*. Id. In other words, the defendant argues that all new claims asserted in the Amended Complaint had to be exhausted prior to filing the Initial Complaint. The argument is frivolous.[2]

The PLRA requires only that a plaintiff exhaust his claims prior to asserting them in a civil action. The plaintiff exhausted his claim against defendant Freeman prior to asserting it in this civil action. I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim Three for failure to exhaust administrative remedies.

### B. Qualified Immunity

---

[2]Carried to its extreme, the defendant's interpretation of the PLRA could require a plaintiff to exhaust his administrative remedies for a claim that has not yet accrued. Indeed, defendant's counsel has taken this argument to its illogical end in Defendants' Tucker's and Tattera's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), page 6, where it is argued that the plaintiff was required to exhaust his administrative remedies before the occurrence of any of the events giving rise to his claim.

The defendant asserts that she is entitled to qualified immunity on Claim Three. Qualified immunity shields government officials from liability for civil damages provided their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. If the plaintiff has asserted such a violation, only then does the court inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999). Accordingly, I first look to the Amended Complaint's allegations to determine if the plaintiff has sufficiently alleged a violation of his constitutional rights.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his rights to access the courts." Smith v. Mashner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even if the action taken in retaliation would be otherwise permissible." Id. at 948. The right of meaningful access to the courts includes an inmate's right to utilize established prison grievance procedures. Id. at 947 (quoting Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989)); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995).

An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." Peterson v. Shanks, 149 F.3d 1140,1144 (10th Cir. 1998). Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

The presentation of circumstantial evidence such as temporal proximity, a chronology of events, or suspicious timing may be sufficient to support allegations of retaliation. See Smith, 899 F.2d at 949 (holding that the inmate sufficiently supported retaliation claim with "only means available to him - circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants"); McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979) (holding that the plaintiff's allegations of a "chronology of events" may be read as "providing some support for an inference of retaliation"); Harris v. Fleming, 839 F.2d 1232, 1236-38 (7th Cir. 1988) (finding that the pattern and timing of firings and cell transfers were sufficient to establish a question of retaliation).

Claim Three alleges the following:

On June 26, 2002, defendant Freeman walked into the plaintiff's cell at 10:30 p.m., shone her flashlight in the plaintiff's face, and called the plaintiff stupid. Id. at p. 6. The next day, Freeman searched the plaintiff's cell then locked him out of the cell for 45 minutes knowing that the plaintiff had to use the restroom very badly. Id. The following day, Freeman searched the plaintiff's cell again. Id. She told the plaintiff, "I don't like you"; "Clark and Worsham told me

about you!";[3] and "I used to work at United States Prison in Leavenworth and I am gonna give you a little taste of what we do to inmates that like to file paperwork." Id. Freemen then searched the plaintiff's locker and stole a hat, several phone numbers, a pair of sweat pants, toothbrushes, toothpaste, papers, pens, and a coffee mug. Id. Construing all reasonable inferences in favor of the plaintiff, these allegations are sufficient to state a claim that defendant Freeman retaliated against the plaintiff for exercising his First Amendment right to file administrative grievances against defendants Clark and Worsham.

The defendant argues that the plaintiff has failed to state a claim for retaliation because he does not allege that he was actually hindered from filing a grievance. *Motion*, p. 4. However, a plaintiff need not allege that he was deterred from filing a grievance in order to state a retaliation claim. Poole v. County of Otero, 271 F.3d 955, 960 (10th Cir. 2001). A retaliation claim is sufficiently stated if a plaintiff alleges facts to support "a chilling effect of First Amendment rights." Id. (internal quotations and citation omitted). The plaintiff has alleged sufficient facts to infer a chilling effect on his First Amendment rights.

Because the plaintiff has sufficiently alleged that defendant Freeman retaliated against him in violation of his constitutional rights, I may now proceed to determine if defendant Freemen is entitled to qualified immunity. In 1990, the Tenth Circuit Court of Appeals affirmed a prisoner's constitutional right to protection from retaliation because of the inmate's exercise of his rights to access the courts, even where the action taken in retaliation would be otherwise permissible. Smith, 899 F.2d at 947-48. The plaintiff alleges that defendant Freemen violated this right in 2002. Consequently, I cannot recommend dismissal of Claim Three on the basis of

---

[3]Claims One and Two of the Amended Complaint allege that defendants Worsham and Clark retaliated against the plaintiff for filing administrative grievances against them. *Complaint*, pp. 4-5A.

qualified immunity. I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim Three on the basis of qualified immunity.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant Freeman's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 18, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge