IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-01659-EWN-BNB

ANTHONY SMITH,

Plaintiff,

v.

R. WORSHAM, in his individual capacity,
G.L. CLARK, in his individual capacity,
UNITED STATES OF AMERICA, pursuant to FTCA,
M. ADAMS, in his individual capacity,
S. COLLINS, in her individual capacity,
L. TUCKER, in her individual capacity,
D. TATERA, in his individual capacity,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendants' Tucker's and Tattera's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** (the "Motion"), filed January 12, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff filed his initial Prisoner Complaint (the "Initial Complaint") on August 29, 2002. He filed an Amended Prisoner Complaint (the "Amended Complaint") on August 9, 2004. The Amended Complaint asserts one claim--Claim Seven--against defendants Tucker and Tattera. Claim Seven alleges that the defendants retaliated against the plaintiff, and conspired with each other to retaliate against the plaintiff, for exercising his First Amendment right to file grievances and civil rights actions.[1] The allegations of Claim Seven are as follows:

1. On September 30, 2003, the plaintiff began a Residential Drug Abuse Prevention ("RDAP") class at the Federal Correctional Institute in Florence, Colorado. *Complaint*, p. 6D. If an RDAP participant fails to adhere to certain expectations, he is subject to a negative consequence. Id. If an RDAP participant receives two negative consequences, he is subject to expulsion from the RDAP program. Id.

2. The RDAP class is taught by defendant Tucker. Id. Defendant Tucker continuously subjected the plaintiff to verbal harassment regarding the plaintiff's filing of administrative grievances and civil rights complaints against correctional staff. Id. Tucker "has stated to plaintiff and his classmates numerous times that plaintiff's actions in filing administrative

---

[1]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

grievances and civil rights complaints is a form of blaming and plaintiff not taking responsibility for his actions." Id.

    3. In late November 2003, the RDAP participants were given a homework assignment. Id. at p. 6E. The plaintiff turned his assignment in, as required, on December 1, 2003. Id. On December 3, 2003, defendant Tucker left class early to supervise the inmate dining area. Id. Shortly thereafter, the plaintiff was paged on the loudspeaker to report to the compound for his deposition in this case and in case No. 01-F-451. Id. The plaintiff was first escorted to the dining area. He was confronted by Tucker while eating his meal. Id. Tucker asked the plaintiff why he was in the dining room when he was supposed to be in class. Id. The plaintiff explained that Tucker's superior had allowed plaintiff to eat before attending his deposition. Id. Tucker became angry and told the plaintiff to come see her later that day. Id. The deposition did not conclude until after Tucker had left for the day. Id.

    4. On December 4, 2003, the plaintiff went to see Tucker at 7:35 a.m. Tucker told the plaintiff that if he ever referred to another officer as her superior she would submit an incident report against him. Tucker then issued the plaintiff a negative consequence based on the homework assignment that the plaintiff had submitted on December 1, 2003. Id. Tucker falsely alleged in the negative consequence that the plaintiff had made certain comments in his homework assignment. Id. at 6F. Tucker then told the plaintiff that if he filed a grievance against her, he could "forget about finishing the RDAP class." Id. The plaintiff was and is afraid to file any administrative grievances against Tucker. Id.

    5. Tucker told the plaintiff that defendant Tatera, the Drug Abuse Program Coordinator, wanted to speak with him. Id. at 2B; 6F. The plaintiff reported to Tatera; told him that Tucker had submitted a false negative consequence against him; and expressed his desire to appeal it.

Id. at 6F.  Tatera became angry and told the plaintiff that if he disrupted the RDAP class, Tatera would have plaintiff removed from the class.  Id.

  6. On December 4, 2003, the plaintiff reported to the chapel to participate in a Narcotics Anonymous/Alcoholics Anonymous session as a part of his sanctions for receiving a negative consequence.  Id.  Tatera was checking inmates into the class.  Id.  The plaintiff asked Tatera if he could have his homework assignment returned to him.  Id.  Tatera just looked at plaintiff and said nothing.  Id. at 6G.  The plaintiff submitted an Inmate Request to Staff which requested that Tatera provide the plaintiff with a copy of the homework assignment.  Id.  Tatera has refused.

### III.  ANALYSIS

The plaintiff brings his claim against defendants Tucker and Tattera pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  The defendants assert that the claim must be dismissed because the plaintiff failed to exhaust his administrative remedies and because the defendants are entitled to qualified immunity.

#### A.  Failure to Exhaust Administrative Remedies

The defendants assert that Claim Seven must be dismissed because the plaintiff failed to exhaust his administrative remedies as to this claim.  Because the plaintiff's claim challenges prison conditions, it is governed by the Prison Litigation Reform Act (the "PLRA").  42 U.S.C. § 1997e(a).  The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The plaintiff filed his Initial Complaint on August 29, 2002.  The events that gave rise to Claim Seven began on September 30, 2003, when the plaintiff started the RDAP class.  The

plaintiff was permitted to amend his Initial Complaint as a matter of right on August 9, 2004. Claim Seven was asserted for the first time in the Amended Complaint.

The defendants admit that, at the time the Amended Complaint was filed, the plaintiff had exhausted his administrative remedies as to Claim Seven. *Motion*, p. 6. However, the defendants take the untenable position that Claim Seven must be dismissed because the plaintiff did not exhaust his administrative remedies as to Claim Seven *at the time he filed his Initial Complaint*. Id. In other words, the defendants argue that the plaintiff was required to exhaust his administrative remedies as to Claim Seven before any of the events giving rise to Claim Seven occurred. The defendants' argument is frivolous. I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim Seven for failure to exhaust administrative remedies.

### B.  Qualified Immunity

The defendants assert that they are entitled to qualified immunity on Claim Seven. Qualified immunity shields government officials from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. If the plaintiff has asserted such a violation, only then does the court inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999). Accordingly, I first look to the Amended Complaint's allegations to determine if the plaintiff has sufficiently alleged a violation of his constitutional rights.

### 1. Retaliation

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his rights to access the courts." Smith v. Mashner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even if the action taken in retaliation would be otherwise permissible." Id. at 948. The right of meaningful access to the courts includes an inmate's right to utilize established prison grievance procedures. Id. at 947 (quoting Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989)); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995).

An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." Peterson v. Shanks, 149 F.3d 1140,1144 (10th Cir. 1998). Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise

of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

The presentation of circumstantial evidence such as temporal proximity, a chronology of events, or suspicious timing may be sufficient to support allegations of retaliation. See Smith, 899 F.2d at 949 (holding that the inmate sufficiently supported retaliation claim with "only means available to him - circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants"); McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979) (holding that the plaintiff's allegations of a "chronology of events" may be read as "providing some support for an inference of retaliation"); Harris v. Fleming, 839 F.2d 1232, 1236-38 (7th Cir. 1988) (finding that the pattern and timing of firings and cell transfers were sufficient to establish a question of retaliation).

Construing all reasonable inferences in favor of the plaintiff, Claim Seven alleges that defendant Tucker criticized him in front of the RDAP class for filing grievances and civil actions; submitted a false negative consequence against him for submitting to a deposition in his civil lawsuits; and threatened to submit a false incident report against him and kick him out of the RDAP class if he filed a grievance against her. *Complaint*, pp. 6D-6F. These allegations are sufficient to state a claim for retaliation against defendant Tucker.

Claim Seven further alleges that defendant Tatera threatened to have the plaintiff removed from RDAP class if he filed an administrative grievance against defendant Tucker, and that he refused to provide the plaintiff with a copy of his homework assignment so that the plaintiff could appeal the negative consequence. Id. at 6F-6G. These allegations are sufficient to state a claim for retaliation against defendant Tatera.

The defendants, citing <u>Poole v. County of Otero</u>, 271 F.3d 955, 960 (10th Cir. 2001), argue that the plaintiff "must demonstrate injury to recover and the injury must be one that 'would chill a person of ordinary firmness from continuing to engage in that activity.'" *Motion*, p. 9. Under <u>Poole</u>, the injury required to support a retaliation claim need not actually deter a plaintiff from filing grievances or lawsuits. <u>Poole</u>, 271 F.3d at 960. In fact, the injury need not be any "more tangible than a chilling effect of First Amendment rights." <u>Id.</u> (internal quotations and citation omitted). The plaintiff sufficiently alleged a chilling effect on his First Amendment rights.

Because the plaintiff has sufficiently alleged that defendants Tucker and Tatera retaliated against him in violation of his constitutional rights, I may now proceed to determine if defendants Tucker and Tatera are entitled to qualified immunity. In 1990, the Tenth Circuit Court of Appeals affirmed a prisoner's constitutional right to protection from retaliation because of the inmate's exercise of his rights to access the courts, even where the action taken in retaliation would be otherwise permissible. <u>Smith</u>, 899 F.2d at 947-48. The plaintiff alleges that defendants Tucker and Tatera violated this right in 2003. Consequently, I cannot recommend dismissal of Claim Seven's allegations of retaliation as against defendants Tucker and Tatera on the basis of qualified immunity. I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim Seven's allegations of retaliation as against defendants Tucker and Tatera on the basis of qualified immunity.

## 2. Conspiracy

The plaintiff further alleges that Tucker and Tatera conspired to retaliate against him. To succeed on a claim for conspiracy to deprive a plaintiff of his constitutional rights, the plaintiff must plead and prove both the existence of the conspiracy and the deprivation of constitutional

rights. Thompson v. City of Lawrence, 58 F.3d 1511, 1517 (10th Cir. 1995). In pleading the existence of a conspiracy,

> [a] plaintiff . . . need not prove that each participant in a conspiracy knew the exact limits of the illegal plan or the identity of all the participants therein. An express agreement among all the conspirators is not a necessary element of a civil conspiracy. The participants in the conspiracy must share the general conspiratorial objective, but they need not know all the details of the plan designed to achieve the objective or possess the same motives for desiring the intended conspiratorial result. To demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences.

Snell v. Tunnell, 920 F.2d 673, 702 (10th Cir. 1990). Conspiracies must often be established with circumstantial evidence because direct evidence of an express agreement among all conspirators is rarely available. Id.

The plaintiff makes only the following conclusory allegations of conspiracy: (1) Tucker entered into an agreement with Tatera to retaliate against the plaintiff for exercising his right to file administrative grievances, civil rights complaints, and participate in depositions; and (2) Tatera entered into an agreement with defendant Tucker to retaliate against the plaintiff for exercising his right to file administrative grievances, civil rights complaints, and participate in depositions. *Complaint*, p. 6G. There are no factual allegations to support a reasonable inference that Tucker and Tatera shared a specific goal to retaliate against the plaintiff for exercising his constitutional right to access the courts. Accordingly, the plaintiff has failed to allege that

defendants Tucker and Tatera acted in concert. I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of Claim Seven's allegations of conspiracy.[2]

## IV. CONCLUSION

I respectfully RECOMMEND that Defendants' Tucker's and Tattera's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) be GRANTED IN PART and DENIED IN PART as follows:

(1) DENIED to the extent it seeks dismissal of Claim Seven for failure to exhaust administrative remedies;

(2) DENIED to the extent it seeks dismissal of Claim Seven's allegations of retaliation as against defendants Tucker and Tatera on the basis of qualified immunity; and

(3) GRANTED to the extent it seeks dismissal of Claim Seven's allegations of conspiracy.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[2]Because I find that the Amended Complaint fails to allege a claim for conspiracy, I do not reach the issue of whether the defendants are entitled to qualified immunity on the conspiracy claim. Wilson, 526 U.S. at 609; Butler, 172 F.3d at 745.

11

Dated July 18, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge