IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-01659-EWN-BNB

ANTHONY SMITH,

Plaintiff,

v.

R. WORSHAM, in his individual capacity,
G.L. CLARK, in his individual capacity,
UNITED STATES OF AMERICA, pursuant to FTCA,
M. ADAMS, in his individual capacity,
S. COLLINS, in her individual capacity,
L. TUCKER, in her individual capacity,
D. TATERA, in his individual capacity,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendant United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)** (the "Motion"), filed June 12, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff filed his Amended Prisoner Complaint (the "Amended Complaint") on August 9, 2004. The Complaint asserts two claims--Claims Five and Six--against the United States of America ("United States"). Both are brought pursuant to the Federal Tort Claims Act ("FTCA").

Claim Five alleges that on March 23, 2000, Correctional Officer Murry handcuffed the plaintiff and took him out of his cell to the shower area. While in the prison corridor, Murry performed a pat search on the plaintiff. Murry rubbed the plaintiff's genitalia "in an up and

down motion and asked plaintiff, 'What is this?'" *Amended Complaint*, p. 6B.  As a result of Murry's actions, the plaintiff "has been continously [sic] suffering from extreme emotional pain and suffering in the form of [] insomnia, depression, anxiety attacks when subjected to pat searches by prison officials, headaches and paranoia."  Id.

Claim Six alleges that on February 18, 2003, defendant Worsham confiscated photographs from the plaintiff's locker.  Worsham returned some of the photographs, but approximately forty pictures were not returned.  "These pictures depicted years of plaintiff's children [sic] growth and development that were captured on film."  Id. at p. 6C.

The plaintiff seeks compensatory damages in the amount of $25,000.00 for the violation alleged in Claim Five and $800.00 for the violation alleged in Claim Six.  Id. at p. 11.

### III.  ANALYSIS

It is well-settled that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (internal quotations and citations omitted).  The FTCA provides a limited waiver of the sovereign immunity for certain torts.  See 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680.  In order to maintain a claim under the FTCA, a plaintiff must comply with several strictly construed prerequisites to suit.  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (stating that "the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended").

### A.  Claim Five

Claim Five alleges that a correctional officer rubbed the plaintiff's genitalia "in an up and down motion and asked plaintiff, 'What is this?'"  The defendant asserts that Claim Five must be dismissed because the plaintiff has failed to allege a physical injury as required by 28 U.S.C. § 1346(b)(2).

Section 1346(b)(2) provides:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2).

The plaintiff does not dispute that he is an incarcerated person convicted of a felony. However, he argues that under Liner v. Goord, 196 F.3d 132 (2nd Cir. 1999) and Marrie v. Nickels, 70 F. Supp.2d 1252, 1264 (D. Kan. 1999), his allegation of sexual assault qualifies as a physical injury.  Liner and Marrie address a similar provision found in the Prisoner Litigation Reform Act ("PLRA").[1]  The courts in both of these cases found that the plaintiffs' allegations of sexual assault qualified as physical injuries "as a matter of common sense."  Liner, 196 F.3d at 135; Marrie, 70 F. Supp.2d at 1264.

---

[1]The PLRA provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

4

Liner and Marrie are easily distinguished from the instant case, however.  The plaintiff in Liner complained of "intrusive body searches," 196 F.3d at 135, and the plaintiff in Marrie alleged that he was struck "in the lower genitals with sufficient force to cause him several hours of pain."  70 F. Supp.2d at 1257.  Here, the plaintiff's only allegation of sexual assault is that a correctional officer rubbed his genitalia "in an up and down motion" while transporting him through a prison corridor.  This allegation, although offensive, does not constitute a physical injury.  I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim Five for failure to allege physical injury as required by 28 U.S.C. § 1346(b)(2).

### B.  Claim Six

The defendant asserts that Claim Six must be dismissed for lack of subject matter jurisdiction because it was not timely filed.  *Motion*, p. 9.  The plaintiff concedes that Claim Six was untimely and that the Court lacks subject matter jurisdiction over the claim.  *Plaintiff's Reply to Defendant's Motions to Dismiss* (the "Response"), p. 4.  Consequently, I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of Claim Six for lack of subject matter jurisdiction.

Claims Five and Six are the only claims asserted against the United States.  Therefore, I further RECOMMEND that defendant United States be DISMISSED from this action.

### IV.  CONCLUSION

I respectfully RECOMMEND that Defendant United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) be GRANTED and that Claims Five and Six be DISMISSED in their entirety.

I further RECOMMEND that the United States of America be DISMISSED as a defendant in this case.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 18, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge