IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-01659-EWN-BNB

ANTHONY SMITH,

Plaintiff,

v.

R. WORSHAM, in his individual capacity,
G.L. CLARK, in his individual capacity,
UNITED STATES OF AMERICA, pursuant to FTCA,
M. ADAMS, in his individual capacity,
S. COLLINS, in her individual capacity,
L. TUCKER, in her individual capacity,
D. TATERA, in his individual capacity,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants' Worsham's and Clark's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** (the "Motion"), filed January 12, 2005. The Motion is frivolous. I respectfully RECOMMEND that the Motion be DENIED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King,

537 F.2d 385, 386 (10th Cir. 1976).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief.  Id.

## II.  BACKGROUND

The plaintiff filed his initial Prisoner Complaint (the "Initial Complaint") on August 29, 2002.  He filed an Amended Prisoner Complaint (the "Amended Complaint") on August 9, 2004.  The Amended Complaint asserts two claims--Claims One and Two--against defendants Worsham and Clark.  Both claims allege that Worsham and Clark retaliated, and conspired to retaliate, against the plaintiff for exercising his First Amendment right to file administrative grievances.[1]

## III.  ANALYSIS

The plaintiff brings his claims against defendants Worsham and Clark pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  The defendants assert that the claims must be dismissed because the plaintiff has not exhausted his administrative remedies.  Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA").  42 U.S.C. § 1997e(a).  The PLRA provides:

---

[1] To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The plaintiff filed his Initial Complaint on August 29, 2002. The Initial Complaint alleged that defendants Worsham and Clark retaliated, and conspired to retaliate, against the plaintiff for exercising his First Amendment right to file administrative grievances. *Initial Complaint*, pp. 5-6A. The Initial Complaint's claims against the defendants arise out of events beginning September 26, 2001, and ending in February 2002. Id. The plaintiff was permitted to amend his Initial Complaint as a matter of right on August 9, 2004. *Order dated August 9, 2004*. The Amended Complaint contains the same allegations regarding events beginning September 26, 2001, and ending in February 2002. *Amended Complaint*, pp. 4-5A. However, Claim One adds an allegation against defendant Worsham stemming from an event that occurred on August 19, 2002. Id. at 4A.

The defendants do not dispute that the plaintiff exhausted the claims alleged in the Initial Complaint prior to the date the Initial Complaint was filed. Nor do they dispute that, prior to filing his Amended Complaint, the plaintiff exhausted his administrative remedies as to the additional allegation against Worsham. Rather, the defendants argue that "Claims One and Two of the Amended Complaint must be dismissed because the administrative remedy process was not completed for all claims when Plaintiff first initiated this lawsuit" on August 29, 2002. *Motion*, p. 6. In other words, the defendants argue that the new claims asserted in the Amended Complaint were required to be exhausted prior to filing the Initial Complaint. The argument is

frivolous. Carried to its extreme, the defendants' position would require a plaintiff to exhaust his administrative remedies for a claim that has not yet accrued.[2]

The PLRA requires only that a plaintiff exhaust his claims prior to asserting them in a civil action. The plaintiff exhausted his additional allegation against defendant Worsham prior to asserting it in the Amended Complaint.

## IV. CONCLUSION

I respectfully RECOMMEND that Defendants' Worsham's and Clark's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[2]Indeed, defendants' counsel has taken this argument to its illogical end in Defendants' Tucker's and Tattera's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), page 6, where it is argued that the plaintiff was required to exhaust his administrative remedies before the occurrence of any of the events giving rise to his claim.

Dated July 18, 2005.

                                            BY THE COURT:

                                            /s/ Boyd N. Boland
                                            United States Magistrate Judge