IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-01659-EWN-BNB

ANTHONY SMITH,

Plaintiff,

v.

R. WORSHAM, in his individual capacity,
G.L. CLARK, in his individual capacity,
UNITED STATES OF AMERICA, pursuant to FTCA,
M. ADAMS, in his individual capacity,
S. COLLINS, in her individual capacity,
L. TUCKER, in her individual capacity,
D. TATERA, in his individual capacity,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants Adams and Collins' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** (the "Motion"), filed January 12, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED IN PART and GRANTED IN PART.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II. BACKGROUND

The plaintiff filed his initial Prisoner Complaint (the "Initial Complaint") on August 29, 2002. He filed an Amended Prisoner Complaint (the "Amended Complaint") on August 9, 2004. The Amended Complaint asserts one claim--Claim Four--against defendants Adams and Collins. Claim Four alleges that, in violation the plaintiff's due process rights, the defendants provided the plaintiff with insufficient notice of a disciplinary hearing and found him guilty as charged without any supporting evidence.[1] *Complaint*, p. 6A.

## III. ANALYSIS

The plaintiff asserts Claim Four pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The defendants argue that the claim must be dismissed because the plaintiff failed to exhaust his administrative remedies and because the defendants are entitled to qualified immunity.

### A. Failure to Exhaust Administrative Remedies

The defendants assert that Claim Four must be dismissed because the plaintiff failed to exhaust his administrative remedies as to this claim. Because Claim Four challenges prison conditions, it is governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. §

---

[1] To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

1997e(a).  The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The plaintiff filed his Initial Complaint on August 29, 2002.  The plaintiff was permitted to amend his Initial Complaint as a matter of right on August 9, 2004.  Claim Four was asserted for the first time in the Amended Complaint.

The defendants state that, at the time the Amended Complaint was filed, the plaintiff had exhausted his administrative remedies as to Claim Four.  *Motion*, p. 10-11.  As with the other prison officials' motions to dismiss in this case, however, the defendants argue that Claim Four must be dismissed because the plaintiff did not exhaust his administrative remedies as to Claim Four *at the time he filed his Initial Complaint*.  Id.  In other words, the defendants argue that the new claims asserted in the Amended Complaint had to be exhausted prior to filing the Initial Complaint.  The argument is frivolous.[2]

The PLRA requires only that a plaintiff exhaust his claims prior to asserting them in a civil action.  The plaintiff exhausted Claim Four prior to asserting it in the Amended Complaint.  I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim Four for failure to exhaust administrative remedies.

### B.  Qualified Immunity

---

[2] Carried to its extreme, the defendant's interpretation of the PLRA could require exhaustion for a claim that has not yet accrued.  Indeed, defendants' counsel has taken this argument to its illogical end in Defendants' Tucker's and Tattera's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), page 6, where it is argued that the plaintiff was required to exhaust his administrative remedies before the occurrence of any of the events giving rise to his claim.

The defendants assert that they are entitled to qualified immunity on Claim Four. Qualified immunity shields government officials from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. If the plaintiff has asserted such a violation, only then does the court inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999). Accordingly, I first look to the Amended Complaint's allegations to determine if the plaintiff has sufficiently alleged a violation of his constitutional rights.

Claim Four alleges that on August 20, 2002, the plaintiff received written notice in the form of an incident report that he was charged with a violation of code #330, Being Unsanitary or Untidy. *Complaint*, p. 6A. On August 21, 2002, less than 24 hours after receiving the incident report, a hearing was held on the charge by defendants Adams and Collins. Id. The plaintiff was not prepared for the hearing. Id. The plaintiff was found guilty of the charge

without any evidence to support a finding of guilt. Id. Claim Four alleges that, in violation the

plaintiff's due process rights, the defendants provided him insufficient notice of the disciplinary

hearing and found him guilty without any supporting evidence.

The plaintiff's due process rights are triggered only if he has been deprived of a protected

liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460

(1989). The incident report states that the plaintiff suffered only seven days of commissary

restriction as a result of being found guilty of the charge of Being Unsanitary or Untidy.[3]

*Motion*, Exhibit A-1, ¶ 20. The plaintiff does not have a liberty interest in being free from

commissary restrictions. Muhammad v. Finley, 74 Fed.Appx. 847, 849 (10th Cir. 2003). See

also Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997) (holding that a thirty-day loss of

commissary privileges does not implicate due process concerns). Therefore, Claim Four fails to

state a claim upon which relief can be granted. I respectfully RECOMMEND that the Motion be

GRANTED to the extent it seeks dismissal of Claim Four.[4] Claim Four is the only claim

asserted against

---

[3]The defendants attach a copy of the incident report to their motion to dismiss. Where, as here, a plaintiff refers to a document in the complaint and the document is central to the plaintiff's cause of action, a defendant may submit an indisputably authentic copy of the document to the court for consideration on a motion to dismiss. GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Amended Complain refers to the incident report. *Amended Complaint*, page 6A. This document is central to Claim Four, but is not incorporated by reference or attached to the Amended Complaint. The plaintiff does not dispute the authenticity of the incident report. Indeed, he cites to it in his response to the defendants' motion to dismiss. *Plaintiff's Reply to Defendants* [sic] *Motion to Dismiss*, pp. 6-7. Therefore, I may consider the incident report without converting the Motion to Dismiss to a motion for summary judgment.

[4]Because I find that the Claim Four fails to allege a claim upon which relief can be granted, I do not reach the issue of whether the defendants are entitled to qualified immunity on the claim. Wilson, 526 U.S. at 609; Butler, 172 F.3d at 745.

defendants Adams and Collins.  Therefore, I further RECOMMEND that defendants Adams and Collins be DISMISSED from this action.

### IV.  CONCLUSION

I respectfully RECOMMEND that Defendants Adams and Collins' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) be DENIED IN PART and GRANTED IN PART as follows:

1)   DENIED to the extent it seeks dismissal of Claim Four for failure to exhaust administrative remedies; and

2)   GRANTED to the extent it seeks dismissal of Claim Four for failure to state a claim upon which relief can be granted.

I further RECOMMEND that defendants Adams and Collins be DISMISSED from this action.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 18, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge