IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 02–cv–01659–EWN–BNB

ANTHONY SMITH,

     Plaintiff,

v.

R. WORSHAM, in his individual capacity,
G. L. CLARK, in his individual capacity, and
UNITED STATES OF AMERICA, pursuant to FTCA,
M. ADAMS, in his individual capacity,
S. COLLINS, in her individual capacity,
L. TUCKER, in her individual capacity,
D. TATERA, in his individual capacity,

     Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATIONS**

---

This matter is before the court on five recommendations of the United States magistrate judge (##155, 156, 157, 158, and 159), all filed July 18, 2005.   In #157, the magistrate judge recommends that both claims against the United States (five and six) be dismissed with prejudice — and that the United States be dismissed as a party — because the court lacks jurisdiction under the Federal Tort Claims Act.  In #159, the magistrate judge recommends that the claim against Adams and Collins (four) be dismissed with prejudice for failure to state a claim upon which

relief can be granted — and that these two defendants be dismissed as parties.  In #156, the magistrate judge recommends that the allegations of conspiracy against Tucker and Tatera in claim seven be dismissed with prejudice for failure to state a claim on which relief can be granted. No party has objected to these recommendation.  I have conducted the requisite *de novo* review of the issues, the record, and the recommendations.  Based on this review, I have concluded that the recommendations are correct applications of the facts and the law.

Defendants Worsham, Clark, Tatera, and Tucker have objected to one aspect of the magistrate judge's recommendation that their motions to dismiss be denied.  Specifically, they object to the magistrate judge's proposed conclusion that plaintiff has timely and sufficiently exhausted his administrative remedies.  The court will therefore review only the procedural facts pertinent to the exhaustion issue.

Plaintiff executed and dated his Prisoner Complaint on August 20, 2002.  It was received in the clerk's office on August 26, 2002, and,after a magistrate judge ordered the clerk to file it without pre-payment of the filing fee, it was filed August 29, 2002.  Of the currently-appearing individual defendants, only Clark and Worsham were named as defendants.  In this original complaint, plaintiff alleged that he had exhausted all his administrative remedies and attached documents indicating, on their face, that the allegation was true.  Defendants do not appear to contest plaintiff's allegation with respect to the claims asserted in the original complaint.

Plaintiff filed his Amended Prisoner Complaint on August 9, 2004. Three amendments are pertinent to the exhaustion issue presented by defendants' objections. *First*, plaintiff added to claim one (against Worsham) an allegation that Worsham retaliated against plaintiff by filing a false incident report on August 19, 2002. *Second*, he asserted a new claim against a new defendant, Freeman, contending that Freeman harassed him in retaliation for his filing a prior administrative claim. The harassment allegedly occurred on June 26 and 27, 2002. As to these amendments, plaintiff alleged that he has exhausted his administrative remedies and attached documents tending to show that administrative procedures concerning the incidents underling the amendments were exhausted on December 10, 2002 or, at the latest, January 21, 2003. *Third*, plaintiff added a new claim seven against new defendants, Tucker and Tatera, alleging continuing retaliation from September 30, 2003 through December of 2003. Although plaintiff attached no documentation pertaining to exhaustion of this claim, defendants apparently concede that this claim was exhausted no later than July of 2004.

The magistrate judge characterized defendants' exhaustion argument as "frivolous." Defendants challenge that conclusion as to all claims, asserting that the exhaustion statute must be read to require plaintiff to have exhausted all of his administrative remedies *before* he executed and mailed his original complaint on August 20, 2002, not before his filed his amended complaint on August 9, 2004. The court agrees with the magistrate judge.

The statute concerning exhaustion of administrative remedies by a prisoner asserting a violation of his civil rights reads as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*

42 U.S.C.A. § 1997e(a) (West 2005) (emphasis supplied).

Several federal appellate courts have held that a prisoner asserting a violation of his civil rights must exhaust his administrative remedies *before* presenting his claim in federal court, reasoning that permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) and that the language of section 1997e(a) clearly contemplates exhaustion prior to commencement of the action. *See Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (refraining from reversal of district court's denial of motion to dismiss for failure to exhaust "only to avoid the expenditure of additional resources on the part of the parties and the court" but reiterating "that should the district court be faced with identical circumstances in the future, dismissal is required under section 1997e[a]"); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (affirming dismissal of inmate's complaint when inmate was in the process of exhausting his administrative remedies); *Medina-Claudio v. Rodriguez-Mateo,* 292 F.3d 31, 36 (1st Cir. 2002) (affirming dismissal when inmate failed to exhaust administrative remedies); *Neal v. Goord,* 267 F.3d 116, 121-22 (2d Cir. 2001) (affirming dismissal of inmate's complaint because he failed to exhaust his administrative remedies on each of his claims, although some were exhausted during the pendency

of his litigation); *Jackson v. Dist. of Columbia,* 254 F.3d 262, 269 (D.C.Cir. 2001) (affirming dismissal of inmates' complaint because they had begun, but not yet exhausted, the prison grievance procedure); *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir. 1999) (dismissing inmate's complaint because he filed his federal complaint before allowing the administrative process to be completed); *Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 538 (7th Cir. 1999) (remanding for dismissal and reversing the district court's refusal to dismiss when, at the time the district court was ruling on the motion to dismiss, the inmate had fully exhausted his administrative remedies but had not done so at the time of filing).

All except two of these decisions — the Eighth Circuit's decision in *Johnson* and the Seventh Circuit's in *Perez* — involved situations in which exhaustion of administrative remedies had not occurred when the court made its decision on the issue.  Here, it is obvious that the court is making this decision after administrative remedies have apparently been exhausted.  Does this distinction make any difference?  Both the Seventh and Eighth Circuits say it does not.  In *Johnson*, the Eighth Circuit dealt with a situation where the district court had denied a motion to dismiss on the ground that administrative remedies had been exhausted by the time of the district court's resolution of the motion.  The Eighth Circuit "refrain[ed] from reversal only to avoid the expenditure of additional resources on the part of the parties and the court" but "reiterate[d] that should the district court be faced with identical circumstances in the future, dismissal is required." 340 F.3d at 628.

The Seventh Circuit has gone even further.  In *Perez*, the court confronted a situation where the district court had denied a motion to dismiss for failure to exhaust (on the ground that exhaustion had occurred before the court decided the motion to dismiss) and then granted a summary judgment on the merits in favor of defendants.  The Seventh Circuit vacated the district court's judgment and remanded with instructions to dismiss the case for failure to exhaust without reaching the merits.  The court relied upon the language of section 1997e(a) and reasoned that the Supreme Court has held that "language such as 'no action may be commenced' means 'no action may be *commenced*,' not 'no action may be *prosecuted*.'  Likewise 'no action shall be brought', the opening language of § 1997e(a), cannot mean 'no action shall be decided on the merits.'" *Perez*, 182 F.3d at 535 (citing *Hallstrom v. Tillamook County*, 493 U.S. 20 [1989] and *McNeil v. United States*, 508 U.S. 106 [1993]) (emphasis in original).  The Tenth Circuit has expressly relied on *Perez* in holding that section 1997e(a) "requires exhaustion of administrative remedies as a precondition to bringing litigation, and requires dismissal where a litigant has failed to complete such exhaustion.  Except in limited circumstances, the plain language of the statutory text does not allow the court to skip ahead to the merits of the suit." *Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1140–41 (10th Cir.  2005).

Here, plaintiff did not file his current allegation against Worsham (based on Worsham's actions of August 19, 2002) or the new (third) claim against Freeman when he submitted the original complaint on August 20, 2002, even though the events which form the basis for these

allegations had occurred before he filed his original complaint.  Had he done so, defendants'

argument might be viable.  *Perez* and *Fitzgerald* would control, and defendants' motion to dismiss

for failure to exhaust would have been granted, even though exhaustion occurred in late 2002 or

early 2003.  Instead, plaintiff did what the law requires — he waited until exhausting

administrative remedies before making a claim in court, allowing the administrative process to

proceed to its conclusion.  The court can see no obstacle to joining the now-exhausted claims in

this action.

The point is even plainer with respect to claim seven against Tucker and Tatera.  The

events giving rise to these claims did not even occur until September of 2003 — well after the

original complaint was filed.  What kind of a rule would require a prisoner to exhaust claims that

have not even arisen?

For the reasons stated herein,  it is

**ORDERED** as follows:

1.  The recommendations are all ACCEPTED.

2.  The motions to dismiss (##128, 129, 130, 131, and 132) are GRANTED in part and

    DENIED in part.

3.  The fifth and sixth claims against the United States are dismissed with prejudice, and

    the United States is dismissed as a party defendant.  The fourth claim against Adams

    and Collins is dismissed with prejudice, and these defendants are dismissed as parties.

The conspiracy portion of the seventh claim against Tucker and Tatera is dismissed with prejudice.  The final judgment entered at the conclusion of this case will so reflect.

4.   The motions to dismiss are DENIED as to all remaining claims and defendants.   The matter is RECOMMITTED to the magistrate judge for further proceedings.

DATED this  13th  day of September, 2005.

BY THE COURT:


s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge